UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN GAY, | CASE NO. 1:19CV00363 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| ANDREW M. SAUL[1], COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Karen Gay ("Plaintiff") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying her application for supplemental security income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on June 21, 2019, Plaintiff asserts that the administrative law judge's ("ALJ") decision is not supported by substantial evidence. ECF Dkt. #14. For the following reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES the instant case in its entirety WITH PREJUDICE.

## I. PROCEDURAL HISTORY

On August 6, 2015, Plaintiff filed a Title XVI application for SSI. ECF Dkt. #11 ("Tr.")[2] at 14, 130, 145, 229. In her application, Plaintiff alleged disability beginning April 17, 2011 due to: chronic obstructive pulmonary disease ("COPD"); anxiety disorder; manic depression; asthma; arthritis; high blood pressure ("HBP"); and back pain. *Id.* at 14, 130-31, 147. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 14, 144, 161.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill. *See* Fed. R. Civ. P 25(d).

[2] All citations to the transcript refer to the page numbers assigned when the transcript was compiled (located on the bottom right corner of each page) rather than the page numbers assigned when the transcript was filed in the CM/ECF system ("PageID #").

1

On September 15, 2016, Plaintiff requested an administrative hearing. Tr. at 14, 182. On December 5, 2017, a hearing was held before an ALJ in which Plaintiff, with counsel present, and a vocational expert ("VE") testified. *Id.* at 14, 79.

The ALJ issued his decision on May 22, 2018, finding Plaintiff not disabled and denying her application for SSI. Tr. at 11-35. In his decision, the ALJ noted that Plaintiff received a prior unfavorable decision from an ALJ on February 19, 2015. *Id.* at 14, 102-18. Plaintiff appealed that decision to the Appeals Council, which was denied on December 28, 2015. *Id.* at 14, 124-28. The ALJ acknowledged the Sixth Circuit's decision in *Drummond v. Comm'r of Soc. Sec.*, which held that the principle of *res judicata* applied against the Commissioner and that the prior ALJ's findings as to RFC were binding on the Social Security Administration ("SSA") in subsequent claims under the same title of the Social Security Act in the absence of new and additional evidence or changed circumstances. *Id.* at 14-15 (citing 126 F.3d 837, 842 (6th Cir. 1997)). The ALJ found that new and material evidence was submitted after the prior ALJ's decision that shows that Plaintiff has other severe impairments, which required analysis and for the ALJ to provide functional limitations. Accordingly, the ALJ did not apply *res judicata* and did not simply adopt the prior ALJ's findings regarding Plaintiff's RFC. *Id.* at 14-15, 29. Despite not applying *res judicata*, the ALJ ultimately concluded that Plaintiff's RFC had not changed significantly. *Id.* at 29.

Plaintiff requested a review of the hearing decision, and on December 17, 2018, the Appeals Council denied review. Tr. at 1-5. On February 19, 2019, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. The parties consented to the jurisdiction of the undersigned. ECF Dkt. #12. On June 21, 2019, Plaintiff filed a merits brief, and Defendant filed a merits brief on September 4, 2019. ECF Dkt. #s 14, 17. Plaintiff filed a reply brief on September 18, 2019. ECF Dkt. #18.

## II. RELEVANT PORTIONS OF THE ALJ'S DECISION

On May 22, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 11-35. The ALJ stated that Plaintiff had not engaged in substantial gainful activity since August 6, 2015, the application date. *Id.* at 17. Continuing, the ALJ determined that Plaintiff had

2

the following severe impairments: osteoarthritis and allied disorders of the lumbar spine and hips; asthma/COPD; affective disorder; anxiety disorder; substance addiction disorder; obstructive sleep apnea ("OSA"); and paroxysmal nocturnal dyspnea ("PND"). *Id.* (citing 20 C.F.R. § 416.920(c)). The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18 (citing 20 C.F.R. §§ 416.920(d), 416.925, & 416.926).

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), except for the following limitations: must avoid even moderate exposure to pulmonary irritants; must avoid concentrated exposure to extreme temperatures; must avoid unprotected heights, moving machinery, and commercial driving; able to perform simple tasks and follow simple instructions; able to make simple work-related decisions with few workplace changes; and able to occasionally interact with the public if that interaction is limited to speaking and signaling. Tr. at 25.

The ALJ then stated that Plaintiff is unable to perform any past relevant work. Tr. at 32 (citing 20 C.F.R. § 416.965). He further found that Plaintiff was an individual closely approaching advanced age on the date the application was filed, has at least a high school education, and is able to communicate in English. *Id.* at 33. The ALJ noted that transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff can perform. *Id.* at 34. Ultimately, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 6, 2015, the date the application was filed. *Id.* at 35.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to Social Security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The plaintiff has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence

is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) ("[W]hatever the meaning of 'substantial' [is] in other contexts, the threshold for such evidentiary sufficiency is not high."). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)) (internal citations omitted). Therefore, even if an ALJ's decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a plaintiff on the merits or deprives the plaintiff of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.    LAW AND ANALYSIS

Plaintiff raises several challenges to the ALJ's decision of May 22, 2018. ECF Dkt. #s 14, 18. Plaintiff alleges that: (1) the ALJ improperly weighed certain opinion evidence; (2) the ALJ's determination regarding Plaintiff's credibility was not supported by substantial evidence and violated Social Security Ruling ("SSR") 16-3p; and (3) the Commissioner[3] did not meet his burden at step five of the sequential process. ECF Dkt. #14 at 13-23. For the following reasons, the Court finds that Plaintiff's contentions are without merit.

### A.    OPINION EVIDENCE

---

[3] Plaintiff erroneously states that the ALJ did not meet his burden at step five. ECF Dkt. #14 at 21-23. However, the Commissioner, not the ALJ, has the burden in the fifth step. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Plaintiff attacks the ALJ's treatment of several medical opinions of record. Plaintiff argues that the ALJ violated the treating physician rule in his treatment of the opinions of psychiatrist Dr. John DeMott, D.O., and consultative examining psychologist Dr. Stephen Kushnick, Ph.D. ECF Dkt. #14 at 14-18. Plaintiff also contends that the ALJ committed harmful error by affording great weight to the opinions of state agency medical consultant Dr. Diane Manos, M.D., and state agency psychological consultant, Dr. Sandra Banks, Ph.D. *Id.* at 14, 16.

### 1. Treating Physician Rule

An ALJ must give controlling weight to the opinion of a treating source[4] if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); *Price v. Comm'r Soc. Sec. Admin.*, 342 Fed.Appx. 172, 175-76 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

If an ALJ declines to give controlling weight to the opinion of a treating source, he must determine the weight to give that opinion based upon a number of regulatory factors. 20 C.F.R. § 416.927(c)(2). Such factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson*, 378 F.3d at 544 (citing 20 C.F.R. § 404.1527(c)). Although an ALJ must "consider" all of the factors in 20 C.F.R. § 416.927(c) and must "apply" the factors listed in 20 C.F.R. § 416.927(c)(2), including its subsections, through (c)(6) to determine the weight to give that opinion, he is not required to discuss every factor in his decision as long as he provides

---

[4] The Social Security Administration has changed the treating physician rule for claims filed on or after March 27, 2017. *See* "Revisions to Rules Regarding the Evaluation of Medical Evidence," available at https://www.regulations.gov/document?D=SSA-2012-0035-0001. The SSA will no longer give any specific evidentiary weight to medical opinions, including affording controlling weight to medical opinions. Rather, the SSA will consider the persuasiveness of medical opinions using the factors specified in their rules and will consider the supportability and consistency factors as the most important factors.

"good reasons." *See* 20 C.F.R. § 416.927(c)(2); SSR 96-2p, 1996 WL 374188, at *5 (1996)[5]; 20 C.F.R. § 416.945(a)(2); *Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."); *Francis v. Comm'r Soc. Sec. Admin.*, 414 Fed.Appx. 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis.") (internal citation omitted). Even a one sentence explanation for discounting a treating physician's opinion can suffice under the good reasons requirement. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009) (ALJ's one -sentence justification for discounting treating physician's opinion "reach[ed] several of the factors that an ALJ must consider," and satisfied good reasons requirement.) (internal citations omitted).

Under the "good reasons" rule, the ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5. This allows a plaintiff to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore "be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.*

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). If an ALJ fails to explain why he rejected or discounted the opinions and how

---

[5] Effective March 27, 2017, SSR 06-03p, 96-2p, and 96-5p have been rescinded by Fed. Reg. Notice Vol. 82, No. 57, page 15263. These regulations are still effective for claims filed before March 27, 2017.

7

those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544); *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011).

The Sixth Circuit has held that a single examination does not suffice to afford treating physician status. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 506 (6th Cir. 2006) (also noting that "depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship.") (citing *Cunningham v. Shalala*, 880 F.Supp. 537, 551 (N.D.Ill.1995) (where physician saw claimant five times in two years, it was "hardly a foregone conclusion" that his opinion should be afforded great weight)); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (finding treating physician rule did not apply to clinical psychologist who examined claimant only once, was paid by SSA to examine claimant, and administered no treatment); *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 572 (6th Cir. 1989) ("Dr. Zupnick is not a treating physician given the fact that he evaluated the claimant on only one occasion.").

On October 17, 2017, Dr. DeMott filled out a mental impairment questionnaire, on the same day that Plaintiff initially visited him. Tr. at 918. Despite having some prior medical records available for review during this initial visit, this is still insufficient to afford treating physician status to Dr. DeMott. *See* ECF Dkt. #14 at 16-17; tr. at 954-55. Nevertheless, the ALJ analyzed Dr. DeMott's opinion under the treating physician rule. Tr. at 31 (citing 20 C.F.R. § 416.927). Even under the higher standard afforded to treating physicians, the ALJ provided "good reasons" to afford only little weight to Dr. DeMott's October 17, 2017 opinion.

Dr. DeMott completed a checkbox form, opining that Plaintiff was "unable to meet competitive standards"[6] in completing a normal workday and workweek without interruptions from psychologically based symptoms. Tr. at 918. He also opined that Plaintiff was "seriously

---

[6] The form defines "unable to meet competitive standards" as the "patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." Tr. at 918.

8

limited, but not precluded"[7] in the areas of: managing regular attendance and being punctual within customary tolerances; working in coordination with or in proximity to others without being distracted by them; performing at a consistent pace without an unreasonable number and length of rest periods; and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id.* at 918-19.

The ALJ declined to give controlling weight and only afforded little weight to Dr. DeMott's opinion because it was not supported by the evidence of record, including the predominantly unremarkable and otherwise benign mental status examination of Dr. DeMott and examinations by other providers (Tr. at 908-09, 915, 927, 954), the weighted medical opinion of state agency consultant Dr. Sandra Banks (Tr. at 157), and the Plaintiff's reported daily functioning (Tr. at 270-71, 273-75). Tr. at 31 (citing to ALJ's paragraph "B" criteria analysis, infra Finding 3). The ALJ further remarked that Plaintiff reported improvement with medication and her mental status examinations did not support the relatively extreme degree of limitations that Dr. DeMott provided. *Id.* at 31.

Moreover, Dr. Stephen Kushnick also does not qualify as a treating physician. Again, the record shows that Dr. Kushnick evaluated Plaintiff only once on December 9, 2014. Tr. at 544-49, 660-65. The prior ALJ did not express whether or not Dr. Kushnick was a treating physician in the decision dated February 19, 2015. *Id.* at 114. Similarly, the ALJ in the instant case did not indicate whether or not he treated Dr. Kushnick as a treating physician. *See id.* at 31. Still, even if Dr. Kushnick were a treating physician, the ALJ provided sufficient "good reasons" to afford only partial weight to his opinion.

Dr. Kushnick opined that Plaintiff's intelligence testing results did not suggest any significant intellectual limitation in her general employability. Tr. at 31 (citing tr. at 661). He also noted that Plaintiff would be a suitable candidate for formal vocational training, and she could benefit from psychotherapy. *Id.* (citing tr. at 663-64). The ALJ only afforded partial weight to this

---

[7] The form defines "seriously limited, but not precluded" as meaning the "ability to function in this area is less than satisfactory, but not precluded in all circumstances. Individual would be limited in their ability to perform activity 15% of [the] time." Tr. at 918.

9

opinion because it predates the period at issue, but otherwise, the ALJ found that it was consistent with the evidence of record. *Id.* (citing tr. at 157; 270-71, 273-75; 908-09, 915, 927, 954; citing ALJ's paragraph "B" criteria analysis, infra Finding 3).

An ALJ must make determinations based upon the record as a whole. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007). So, too, must this Court upon judicial review. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) ("It is well established that judicial review of the Secretary's findings must be based upon the record taken as a whole."). The Sixth Circuit has also endorsed supporting a conclusion in a particular step of the ALJ's decision by looking to factual findings elsewhere in that decision. *See generally Forrest v. Comm'r of Soc. Sec.*, 591 Fed.Appx. 359, 365-66 (6th Cir. 2014) (finding that the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three); *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the ALJ's decision to affirm a step three medical equivalency determination).

The Court finds that the treating physician rule does not apply to either of Dr. DeMott's or Dr. Kushnick's opinions. Nonetheless, the ALJ's reasons for affording little weight to Dr. DeMott's opinion and partial weight to Dr. Kushnick's opinion was sufficient and even adheres to the good reasons requirement under the treating physician rule. A treating source's medical opinion is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record" 20 C.F.R. § 416.927(c)(2).

Plaintiff challenges the ALJ's treatment of these opinions on the basis that the ALJ only relied on three examinations of May 10, 2016, September 25, 2017, and October 17, 2017 and erroneously disregarded other evidence of the record. ECF Dkt. #14 at 16-18 (citing tr. at 18-24 (quoting tr. at 827-29, 923-29, 954-55)). Specifically, Plaintiff avers that the ALJ disregarded the summary from Opportunities for Ohioians with Disabilities ("OOD"), records of her May 2016 hospitalization and emergency room visit, and examination records observing numerous psychological symptoms. *Id.* (citing tr. at 567, 616-19, 755, 827, 906-08).

The ALJ, as Plaintiff admits within her own argument, considered Plaintiff's May 10, 2016 record. *See* tr. at 18, 20, 26, 28-30 (referring to Ex. C19F/10-11 (Tr. at 827-28)). Throughout his decision, the ALJ cited to the May 10, 2016 record to show that upon examination, Plaintiff's lungs were clear to auscultation bilaterally; she had no wheezes, rhonci, or rales; she had back pain but denied difficulty walking, weakness, numbness, joint pain, joint swelling, or leg pain; she was diagnosed with osteoarthritis of the lumbar spine; and she was prescribed ibuprofen 800 mg and referred for pain management. *Id.* at 18, 20, 26. Although the ALJ did not cite to these records to show that Plaintiff passed out and was hospitalized, the ALJ expressly considered this record.

The record itself notes that Plaintiff's blood pressure was low, she woke up on the floor, she was at a hospital for four days, and she had eyebrow sutures removed during this visit. Tr. at 827. The record is unclear but seems to indicate that the fall may have been caused by low blood pressure. *Id.* The ALJ expressly found that Plaintiff's hypertension does not cause work-related impairments and classified it as a non-severe impairment–a finding Plaintiff does not dispute. *Id.* at 17 (citing tr. at 607, 840). As Plaintiff points out, there are hundreds of pages of medical records. ECF Dkt. #14 at 17. An ALJ must "consider" all of the available evidence, including a claimant's medical history, but there is no requirement that an ALJ recite every symptom, complaint, or notation included in every medical record in the transcript file. *See* 20 C.F.R. § 416.929(a).

Plaintiff further states that the ALJ did not consider the summary from OOD. ECF Dkt. #14 at 17 (citing tr. at 567). Plaintiff points to the findings in the summary stating that she had a limitation in work tolerance and would need a period of adjustment to build stamina and adjust to being in a work environment, along with support after she becomes employed to assist her in being able to maintain employment. *Id.* (citing tr. at 567). Plaintiff is correct in that the ALJ did not specifically cite to this summary, and Defendant failed to address this issue in its brief. However, the Court finds that there is no harmful error.

Plaintiff states that the limitations in the OOD summary supports Dr. Kushnick's opinion that her depression would have a negative impact "on her ability to organize and implement new

11

goal-directed behaviors on her own." ECF Dkt. #14 at 17. However, the OOD summary does not even mention depressive symptoms, nor attribute depression as a cause of work limitations. *See* tr. at 567-69. Upon closer inspection, the summary states that Plaintiff's limitation in work tolerance was "due to the diagnoses of COPD and Asthma." Tr. at 567. The ALJ found that COPD and asthma were both "severe impairments" at step two of the sequential process, but concluded that they did not meet listing level severity. *Id.* at 17, 20. Nevertheless, the ALJ accommodated her respiratory issues in his RFC determination, stating that she must avoid even moderate exposure to pulmonary irritants. *Id.* at 25-26. Also, the OOD summary is not entitled to any special weight because it is not a medical opinion by a treating physician. Plaintiff has demonstrated no prejudice or harm. Again, an ALJ is not required to cite to every record in the transcript file and must only "consider" all available evidence. *See* 20 C.F.R. § 416.929(a). The Court finds the ALJ did not err and any potential error of the ALJ by not citing to this report would be harmless.

Finally, Plaintiff makes a blanket statement that she exhibited "numerous psychological symptoms during her examinations." ECF Dkt. #14 at 17 (citing tr. at 616-19, 906-08). The ALJ considered these examinations in his decision. He described Plaintiff's September 9, 2015 visit, wherein she reported a history of depression, poor sleep, substance abuse, and noncompliance with medication. Tr. at 27 (citing tr. at 616). The ALJ noted that her provider diagnosed her with major depressive disorder (moderate), generalized anxiety disorder, and cocaine use disorder, in remission, as well as her treatment. *Id.* (citing tr. at 618). The ALJ also considered Plaintiff's November 16, 2016 records, which described her abnormal symptoms but which also presented an otherwise unremarkable mental status examination. *Id.* at 21-23, 27-28, 31-32 (citing tr. at 908-09). In fact, the ALJ expressly cited the November 16, 2016 record in his analysis of both Drs. DeMott's and Kushnick's opinions. Tr. at 31 (citing tr. at 908-09). Plaintiff has shown no error.

The Court finds no error with the ALJ's treatment of the opinions of Drs. DeMott and Kushnick. As noted above, the Court finds that the treating physician rule does not apply. Even if it did, the ALJ's reasons for affording less than controlling weight to the opinions of Drs.

DeMott and Kushnick suffice under the good reasons requirement. 20 C.F.R. § 416.927(c)(2). Accordingly, the Court finds that the ALJ's treatment of the aforementioned opinion evidence complies with substantial evidence standard. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### 2. State Agency Opinions

Plaintiff contends that the ALJ committed harmful error in affording great weight to the opinions of state reviewing psychologist Dr. Sandra Banks and state reviewing physician Dr. Diane Manos. ECF Dkt. #14 at 14, 16. Specifically, Plaintiff avers that Drs. Banks and Manos adopted the RFC and Mental RFC ("MRFC") from the prior ALJ decision without providing an independent and detailed analysis. *Id.*

Dr. Banks is a state agency reviewing psychologist and Dr. Manos is a state reviewing physician, both of whom reviewed Plaintiff's case at the reconsideration level. Tr. at 146-62. As such, they are considered highly qualified specialists and experts in Social Security disability evaluation. SSR 96-6p, 1996 WL 374180. The regulations require that "[u]nless the treating physician's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do work for us." 20 C.F.R. § 416.927(e)(2)(ii)[8]. An ALJ is not required to explain why he favored one examining opinion over another as the "good reasons" rule requiring an ALJ to explain the weight afforded a treating physician's opinion does not apply. *See Kornecky v. Comm'r of Soc. Sec.,* 167 Fed.Appx. 496, 508 (6th Cir. 2006). In addition, ALJs are not bound by the findings of state agency psychologists, "but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-8p. The regulations require an ALJ to "consider" all the medical opinions in the record as well as "evaluate" them considering the factors of 20 C.F.R. § 416.927. These factors include the examining relationship; the treatment relationship, including the length of the treatment relationship and the frequency of examination

---

[8] This version is effective from August 24, 2012 to March 26, 2017. Since Plaintiff's new SSI disability application date is August 6, 2015, an older version of this regulation applies.

13

as well as the nature and extent of the treatment relationship; supportability; consistency; specialization; and other relevant factors that tend to support or contradict the medical opinion. 20 C.F.R. § 416.927(c)(1)-(6).

The ALJ afforded great weight to Dr. Manos' opinion because it was supported by the evidence that she reviewed and other evidence of record. Tr. at 30 (citing tr. at 748, 796, 827-28, 923, 926-27, 954). Likewise, the ALJ afforded great weight to Dr. Banks' opinion because it was supported by the evidence that she reviewed and other evidence of record. *Id.* at 31 (citing tr. at 270-71, 273-75, 908-09, 915, 927, 954; citing ALJ's own "paragraph B" criteria analysis, infra Finding 3). Another reason provided by the ALJ was that Dr. Banks' opinion was informed by her program knowledge and expertise in psychology. *Id.*

Both Drs. Banks' and Manos' opinions were made at the reconsideration level and were dated August 23, 2016. *Id.* at 157, 159. The prior RFC/MRFC that Drs. Banks and Manos adopted determined that Plaintiff could perform light work, except for the following limitations: must avoid concentrated exposure to extreme cold, extreme heat, or humidity; must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation or to hazards such as unprotected heights, moving machinery, and commercial driving; can perform simple, routine tasks in a job where she would be given short, simple instructions in environments where she would make simple work-related decisions and where there would be few workplace changes; and she can occasionally interact with the public if that interaction is limited to speaking and signaling. *Id.* at 109-10.

Although both Drs. Manos and Banks adopted the prior ALJ's RFC finding dated February 19, 2015, they also considered evidence that post-dated that finding, contrary to Plaintiff's assertion. *See* tr. at 148-55, 159. For example, Dr. Manos expressly stated that she relied on records from September 2015 and January, February, March, and May of 2016. *Id.* at 155, 158-59; *see also* tr. at 149-53 (listing evidence of record at reconsideration level, which included evidence that post-dated prior ALJ's February 19, 2015 decision). Dr. Banks was less descriptive than Dr. Manos and simply noted that she adopted the prior ALJ's RFC finding. *Id.* at 157. Nonetheless, the evidence of record at the reconsideration level included evidence that

14

post-dated prior ALJ's February 19, 2015 decision. *Id.* at 149-53, 155. Moreover, as the ALJ observed, Dr. Banks' opinion was supported by Plaintiff's unremarkable examinations in November 2016, January 2017, September 2017, and October 2017, where she presented as euthymic, with normal thought processes and mood, and was cooperative. *Id.* at 30-31 (citing tr. at 270-71, 273-75, 908-09, 915, 927, 954; citing ALJ's own "paragraph B" criteria analysis, infra Finding 3).

In the instant case, the ALJ applied the proper legal standards in addressing the agency reviewing psychologists' opinions and the weight that he gave those opinions. He specifically referred to the opinions and limitations and he explained the weight that he attributed to those opinions. Accordingly, the Court finds that the ALJ supported his findings regarding the state agency opinion evidence with substantial evidence.

### B.     **DETERMINATION OF PLAINTIFF'S CREDIBILITY**

Plaintiff further asserts that the ALJ lacks substantial evidence for his RFC determination because he did not properly evaluate the medical evidence and failed to consider the cumulative effects of Plaintiff's severe impairments, as required by SSR 16-3p, 2017 WL 5180304[9]. ECF Dkt. #14 at 18-21. For the following reasons, the Court finds that the ALJ applied the proper legal standards in evaluating Plaintiff's subjective symptoms and limitations

The evaluation of a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (noting that "credibility determinations regarding subjective complaints rest with the ALJ" as long as they are supported by substantial evidence). Subject to the substantial evidence standard, an ALJ's findings are "entitled to considerable deference and should not be discarded lightly." *Carr v. Saul*, 2019 WL 3729265, at *6 (N.D. Ohio Aug. 8, 2019) (citing *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)); *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("[A]n ALJ's credibility

---

[9] SSR 16-3p superseded SSR 96-7p effective March 28, 2016. *See* 81 Fed. Reg. 14166 (March 16, 2016). SSR 16-3p applies to SSA determinations and decisions made on or after March 28, 2016. SSR 16-3p, 2017 WL 5180304, at *1.

determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (internal quotation omitted). A claimant's subjective complaints can support a claim for disability if there is also objective medical evidence of an underlying medical condition. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-476 (6th Cir. 2003).

The social security regulations establish a two-step process for evaluating a claimant's symptoms. *See* 20 C.F.R. § 416.929; SSR 16-3p. An ALJ must first determine whether the claimant has a medically determinable physical or mental impairment that could reasonably be expected to produce the alleged symptoms. If so, then the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant in his ability to perform work-related activities. *See* tr. at 25; SSR 16-3p; 20 C.F.R. § 416.929.

When a disability determination that would be fully favorable to the claimant cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the symptoms of the claimant, considering the claimant's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929(c)(3). These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; any treatment, other than medication, that the claimant receives or has received to relieve the pain or other symptoms; any measures the claimant has used to relieve the pain or other symptoms; and other factors, concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii); *see Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). An ALJ need not provide an extensive analysis for each factor so long as substantial evidence supports the analysis and credibility conclusion. *Bowman v. Chater*, No. 96-3990, 1997 WL 746619, at *11-12 (6th Cir. Nov. 26, 1997) (citing *Felisky*, 35 F.3d at 1039-40)).

Here, the ALJ discussed Plaintiff's testimony and allegations of her symptoms in depth. *See* tr. at 25-26. After careful consideration of the evidence, the ALJ found that the Plaintiff's

16

allegations were not entirely consistent with the evidence of record. *Id.* at 27. Without repeating the ALJ's lengthy discussion of the Plaintiff's testimony and its inconsistency with specific evidence in the record, the Court find that the ALJ supported his credibility determination with more than substantial evidence. *See* tr. at 27-29. For example, in response to Plaintiff's allegations of shortness of breath, the ALJ noted that Plaintiff continued to smoke throughout the relevant period and her examinations consistently showed no wheezing, rhonci, rales, and her lungs were clear. *Id.* at 28 (citing tr. at 796, 827-28, 926-27). The ALJ further provided that Plaintiff's pulmonary testing showed no worse than mild impairments obstructive and diffusing defects. *Id.* (citing tr. at 738 (physician interpreting pulmonary functions study as "normal")). Accordingly, the ALJ concluded that the record did not support the degree of limitation that Plaintiff alleged. *Id.*; *see Plesia v. Comm'r of Soc. Sec.*, No. 5:12CV1371, 2013 WL 102676, at *8 (N.D. Ohio Jan. 8, 2013) (Limbert, MJ) (finding ALJ reasonably and properly found that plaintiff's failure to stop smoking despite instructions to quit and contradictions in her treatment notes and testimony about how much she smoked per day undermined her credibility).

Plaintiff did not challenge a specific credibility finding of the ALJ. Rather, Plaintiff's main contention with the ALJ's evaluation concerns his alleged failure to consider the cumulative effects of Plaintiff's severe impairments. ECF Dkt. #14 at 20. Plaintiff takes issue with the fact that the ALJ reviewed each possible Listing in this matter separately, rather than in the aggregate. *Id.* However, Plaintiff does not actually argue that she meets a Listing and Plaintiff provides no authority for the proposition that an ALJ must not review the Listings separately. In addition to the ALJ's discussion of the medical evidence in light of the Listing requirements, the ALJ explicitly stated that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." Tr. at 18. This statement suffices to show that the ALJ considered the effect of the combination of Plaintiff's impairments. *See Booth v. Comm'r of Soc. Sec.*, No. 3:08CV332, 2009 WL 580312, at *6 (N.D. Ohio Mar. 5, 2009) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir.1987); *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir.1990)).

Although Plaintiff cited to records to demonstrate that she had limitations and that the ALJ erred in his credibility, this Court is limited to the substantial evidence standard, which the ALJ met. *See* ECF Dkt. #14 at 20-21. Therefore, the Court finds that Plaintiff's contention is without merit, the ALJ did not violate SSR 16-3p, and the ALJ supported his credibility determination with substantial evidence.

### C. STEP FIVE

Plaintiff's final assignment of error is that the Commissioner did not meet his burden at step five of the sequential process. ECF Dkt. #14 at 21-22. Plaintiff argues that the ALJ did not take into consideration any of the restrictions set forth by the state agency at the time of the initial disability determination, namely Dr. Kristen Haskins' opinion that Plaintiff would need a work area separate from others to enhance focus and that she would need to receive intermittent supervision. *Id.* at 22 (citing tr. at 140-42). Plaintiff contends that during the hearing before the ALJ, the VE testified that a claimant would have no competitive work if she needed a work area that was separate from others and needed continuous and intermittent supervision to ensure that she remains on task. ECF Dkt. #14 at 22 (citing tr. at 99).

The ALJ afforded partial weight to Dr. Haskins' opinion, a finding that Plaintiff did not challenge. Tr. at 30. The ALJ reasoned that the evidence of record did not support that Plaintiff would require the amount of attention from supervisors, redirection, and relative isolation to perform her work duties. *Id.* He explained that Plaintiff presented consistently without any significant issues with regard to attention, concentration, and interacting with medical professionals or others throughout the record. *Id.* (citing tr. at 157, 908-09, 915, 927, 954; citing to ALJ's "paragraph B" criteria analysis, infra Finding 3).

Since Plaintiff does not challenge the ALJ's treatment of Dr. Haskins' opinion and even explains why he rejected the specific limitations Plaintiff points to, the Court finds that the ALJ did not err in his step five analysis.

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE.

Date: March 10, 2020                 */s/George J. Limbert*
                                                        GEORGE J. LIMBERT
                                                        UNITED STATES MAGISTRATE JUDGE